# CARTER LEDYARD & MILBURN LLP
*Counselors at Law*

Stephen L. Kass
Partner

Direct Dial: 212-238-8[...]
E-mail: kass@clm.com

2 Wall Street
New York, NY 10005-2072

Tel (212) 732-3200
Fax (212) 732-3232

**MEMO ENDORSED**

570 Lexington Avenue
New York, NY 10022-6856
(212) 371-2720

[USDC SDNY stamp: DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 10/2/14]

October 1, 2014

Pre-motion conference to be held on: 10/24/14 11 AM

Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance.

So ordered.

*[signature]*
Cathy Seibel, U.S.D.J.

Dated: 10/1/14

**VIA FACSIMILE**

Hon. Cathy Seibel, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

**Re: Hampshire Recreation, LLC et al. v. The Village of Mamaroneck, et al.
Docket No. 14-cv-7228**

Dear Judge Seibel:

This firm represents the Mamaroneck Coastal Environmental Coalition (the "Coalition"), and Kelly Wenstrup, David Wenstrup, Jane Herzog, Jennifer Kronick, Jason Schapiro, Celia Felsher, and John Cecil (collectively the "Neighbors," and, together with the Coalition, the "Proposed Intervenors"). Pursuant to Federal Rule of Civil Procedure 24, the Proposed Intervenors seek to move to intervene in the above action between Hampshire Recreation, LLC and Hampshire Club, Inc. ("Hampshire") and the Village of Mamaroneck, the Village of Mamaroneck Board of Trustees, and the Village of Mamaroneck Zoning Board of Appeals (the "ZBA") (collectively, the "Village"). We understand that a pre-motion conference has been scheduled by the Court for October 24 to review the Village's proposed motion to dismiss, and respectfully request that the Proposed Intervenors' motion be included in that conference as well.

As you know, this action was initially brought on June 4, 2014 in the New York State Supreme Court, Westchester County as a "hybrid" action/special proceeding. On August 12, 2014, Hampshire amended its pleading to add federal claims against the Village, after which the Village removed the case to this Court on September 8, 2014.

This proceeding arises from Hampshire's efforts to convert the Hampshire Country Club, historically a not-for-profit golf club compatible with the surrounding community, into a luxury condominium development in an environmentally sensitive coastal zone where such development is prohibited by the Village Zoning Code. Shortly after Hampshire acquired the Club, in 2010, it began a campaign to persuade the Village to amend its zoning code and coastal zone plan to authorize condominium development in the "Marine Recreation" zone where its clubhouse is located. Hampshire also greatly expanded the frequency of non-member parties,

7517498.2

Hon. Cathy Seibel, U.S.D.J. -2-

weddings, golf tournaments and other catered events, all of which greatly increased traffic, noise and overflow parking in the surrounding area.

In the midst of inquiries concerning Hampshire's events it was discovered that Hampshire was not in fact a non-profit entity, as required by the zoning code, and had also failed to obtain the required "special permit" to hold such events. These discoveries led the Village to commence enforcement proceedings against Hampshire. In response, Hampshire created a sham not-for-profit corporation that has remained under Hampshire's control and agreed to apply for the required special permit.

The ZBA ultimately issued a special permit to Hampshire to hold special events at its clubhouse, though not on its golf course, which lies in the adjacent "R-20" residential zone where the ZBA lacked the power to grant such a permit. Both Hampshire and the Proposed Intervenors then commenced Article 78 proceedings challenging the ZBA action, Hampshire because of the ZBA's refusal to extend the special permit to the R-20 Zone and the Proposed Intervenors because of the ZBA's failure to require Hampshire to operate as a genuine non-profit entity. Both Article 78 proceedings were assigned to the same Supreme Court part and, by stipulation, had identical return dates and briefing schedules.

Through this period, Hampshire continued to seek a zoning amendment from the Board of Trustees to carry out its condominium project. After the Trustees declined, as was their right, to entertain Hampshire's second request for a zoning amendment, Hampshire amended its pleading in this matter, adding the $55 million federal claims that included wildly inaccurate allegations against the Coalition and the Neighbors.

The Coalition, a New York State not-for-profit, was formed in early 2013 to address residents' environmental concerns in the Village. Among the Coalition's members are residents who live immediately adjacent to Hampshire's property. This area of the Village is a shorefront residential community that has great natural beauty but is prone to flooding during storms. The Coalition seeks to protect the Village's waterfront preservation plan and zoning requirements, which the Coalition believes would be eroded if Hampshire's requested rezoning were approved. All of the Neighbors reside immediately adjacent to Hampshire. Hampshire's ability to conduct non-member events to meet its investors' cash flow expectation in the form of "rent" will continue to have significant and adverse effects on the Neighbors' ability to enjoy their properties. If Hampshire were to proceed with the condominium project, that impact would be even greater and would adversely affect the character of the residential area as a whole, including the Neighbors' homes.

We believe the Proposed Intervenors are entitled to intervene as a matter of right in this action pursuant to Fed. R. Civ. P. 24(a)(2). The movants meet all the required elements to intervene; they have filed a timely application, shown substantial interests in the action, demonstrated that those interests may be impaired absent intervention and shown that those interests are not protected adequately by the parties to the action. *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992).

7517498.2

Hon. Cathy Seibel, U.S.D.J. -3-

Here, the Neighbors' interest is a property interest in their own homes, which is recognized as a substantial interest allowing intervention. *Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action*, 558 F.2d 861, 869 (8th Cir. 1977). Hampshire seeks a judgment that would allow it to complete a currently illegal condominium project in the Village's coastal zone and to conduct non-member events that would have a direct impact on the Neighbors' quality of life, safety, and property values. It is also likely that these interests would be impaired absent intervention since the Village has its own interests to defend, which differ from those of Proposed Intervenors. Indeed, it is established law that local legislative bodies, such as the Village, cannot adequately represent the interests of proximate neighbors. *Schwartz v. Town of Huntington Zoning Bd. of Appeals*, 191 F.R.D. 359–60 (E.D.N.Y. 2000). Similarly, the Coalition, which has been adverse to the ZBA and highly critical of the Village's failure to enforce the not-for-profit requirements of the Zoning Code, has important interests that differ from those of the Village. A judgment in this case upholding Hampshire's claim that the Village illegally denied or refused to consider Hampshire's rezoning request would effectively bind the Coalition and the Neighbors.

The Proposed Intervenors should also be allowed to intervene permissively pursuant to Fed. R. Civ. P. 24(b). Permissive intervention may be granted to anyone who has a claim or defense that shares with the main action a common question of law or fact and where the intervention will not unduly delay or prejudice the original party's rights. *See Kheel*, 972 F.2d at 487. Here, Hampshire's continued violations of the Zoning Code are fundamentally interwoven with the interests of the Proposed Intervenors, whom Hampshire has falsely accused in its amended complaint (and its September 30 letter to this Court) of manipulating the activities of the Village. This application is also timely and will not prejudice any party's rights or delay this litigation.[*] Accordingly, we respectfully believe that intervention is warranted and appropriate in this matter.

Thank you for your consideration of this request.

Sincerely,

Stephen L. Kass

cc: Michael D. Zarin, Esq. (via email)
Lester Steinman, Esq. (via email)
Edmund C. Grainger, III, Esq. (via email)

---

[*] The Proposed Intervenors are prepared to file and serve their motion papers promptly following the Court's pre-motion conference.

7517498.2

# CARTER LEDYARD & MILBURN LLP
*Counselors at Law*

**Stephen L. Kass**
*Partner*

Direct Dial: 212-238-8801
E-mail: kass@clm.com

2 Wall Street
New York, NY 10005-2072

Tel (212) 732-3200
Fax (212) 732-3232

570 Lexington Avenue
New York, NY 10022-6856
(212) 371-2720

October 1, 2014
Client No.: MAM03 002
Total Pages (Including Cover): 4

**Fax Transmittal**

| NAME/COMPANY | TELEPHONE NUMBER | FACSIMILE NUMBER |
|---|---|---|
| Hon. Cathy Seibel, U.S.D.J.<br>United States District Court<br>Southern District of New York<br>300 Quarropas Street<br>White Plains, NY 10601-4150 | | 914-390-4278 |

Please see the attached correspondence sent on behalf of Stephen L. Kass, Esq.

THIS MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND/OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

- Please call our operators (212) 238-8729 if any pages are not received -

7518382.1