

ZARIN & STEINMETZ

David J. Cooper
Jody T. Cross ●
Marsha Rubin Goldstein
Jeremy E. Kozin
Helen Collier Mauch ▲
Daniel M. Richmond
Brad K. Schwartz
Lisa F. Smith ●
David S. Steinmetz ■
Krista E. Yacovone
Michael D. Zarin

■ Also admitted in D.C.
● Also admitted in CT
▲ Also admitted in NJ

October 3, 2014

**_Via ECF Only_**
Hon. Cathy Seibel
United States Courthouse
300 Quarropas Street, Room 621
White Plains, New York 10601

    *Re:*  <u>*Hampshire Recreation, LLC et al. v.*</u>
        <u>*The Village of Mamaroneck et al., Index No. 14-cv-7228 (CS)*</u>

Your Honor:

    As you know, this Firm represents Plaintiffs/Petitioners in the above-referenced Action. We submit this Letter in objection to the request of the Mamaroneck Coastal Environment Coalition (the "Coalition"), by letter dated October 1, 2014, seeking Leave to file a Motion to Intervene. For the reasons stated below, this request should be denied.

    As an initial matter, the Coalition's request is premature. The Court should address the threshold jurisdictional issue raised in Petitioners' proposed Motion for Remand before considering the Coalition's proposed Motion to Intervene, or Respondents' proposed Motion to Dismiss. <u>See</u>, e.g., <u>Cnty. of Nassau v. New York</u>, 724 F. Supp. 2d 295, 300 (E.D.N.Y. 2010) (citing <u>Broder v. Cablevision Sys. Corp.</u>, 418 F.3d 187, 194 (2d Cir. 2005)).

    Substantively, the Coalition's interest in intervening in this Action, respectfully, is simply to continue to provoke the "lengthy and combative" process they threatened the moment Hampshire Recreation announced its intent to pursue the condominium plan. As the Coalition states several times in the October 1st Letter, their only interest in this matter is to prevent the Village of Mamaroneck (the "Village") from "approv[ing]" this proposal so as to protect their "property values." <u>See</u> October 1st Letter, at 2-3. The instant Action, however, is not seeking "approvals" for any development at the Hampshire Country Club (the "Club"). When such approval process is underway, the Coalition will have ample opportunity to participate in the review of the proposed project and to present their interests in the proper forum. This would include arguing that a condominium proposal, which preserves in perpetuity at least 90% of the overall 116-acre golf course as open space, will somehow result in harm to the "natural beauty" of the neighborhood. <u>See</u> <u>id.</u>, at 2. For now, the instant Action is limited to Petitioners' attempt to require the Village to review fairly and lawfully Petitioners' development applications, and to treat Petitioners in accordance with the same regulations and approval *procedures* as they would any other recreational club, or applicant seeking to develop property.

    Even accepting the Coalition's assertions of their interests in the outcome of this Action, they fail to meet the legal standard necessary to intervene, either as-of-right, or by this Court's permission. To intervene as a matter of right, the Coalition must establish that their

interest in this Action may be impaired in the disposition of the case if they are not allowed to intervene. This interest must be "direct, substantial and legally protectable" in the subject Action, and impairment of this interest cannot be contingent upon a series of events occurring before becoming a colorable claim. See Fed. R. Civ. P. 24(a)(2); see also Fed. Hous. Fin. Agency v. HSBC N. Am. Holdings Inc., 2014 WL 4188079, at *2 (S.D.N.Y. 2014). None of the interests identified by the Coalition meet this standard.

Petitioners brought this Action seeking annulment of the Village Board's refusal to even *consider* the Petitions for Rezoning, and an order directing the Village Board to commence the requisite public review pursuant to New York State law. The Coalition misconstrues the nature of this Action by asserting that Petitioners seek "a judgment that would allow it to complete" the project, and "effectively bind the Coalition and Neighbors" to having the condominiums developed. See October 1st Letter, at 3. An order in this Action directing the Village to commence its review of the condominium proposal in an open and good faith manner as required under State law would only commence the review process. It would not constitute an "approv[al]." See id., at 2. During the lawful review process, the Coalition will be able to defend its interests. We submit that once such a good faith review occurs, the Record will establish that the proposed condominium plan is compatible with the surrounding neighborhood, and wholly consistent with the Village's Comprehensive Plan. This Action will in no way deprive or impede the Coalition's ability to protect the "interest in their homes," or advance their position at the proper time. See Fed. Hous. Fin. Agency, at *3 (denying permissive intervention after finding the proposed intervenor's "interests are unaffected by this litigation").

Indeed, the Coalition's perceived threat of Petitioners is contingent on the occurrence of a series of events before becoming colorable, namely, the Village Board's acceptance, good faith review and approval of both the proposed Rezoning and condominium development. This is exactly the type of interest that the Second Circuit has held to be insufficient to grant intervention as of right. See Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990) (upholding district court's denial of intervention motion where proposed intervenor's interest was based upon a double contingency).

Nor does the Coalition's Article 78 proceeding challenging the Zoning Board of Appeals' ("ZBA") issuance of the Special Permit provide the requisite "direct, substantial and legally protectable" interest in this Action. Petitioners, in their Article 78 proceeding, seek annulment of the conditions placed on the Hampshire Club, Inc.'s Special Permit to conduct nonmember events that prevent it from using the golf course, and place it on an undefined term of "probation." The Coalition's Article 78 proceeding does not challenge these conditions. The Coalition instead insisted that these conditions be included in the Special Permit during the ZBA's review. The Coalition argues in its State action that the Special Permit should not have been issued because Hampshire Club, Inc. is a so-called "sham" non-profit. This assertion is not impacted by any outcome in this Action. Whether a court annuls the ZBA's conditions on the Special Permit or not, the Coalition is free to continue its challenge concerning its belief regarding the corporate status of Hampshire Club, Inc. This belief is, in fact, misplaced, since the Club is currently operated by a valid not-for-profit corporation, in compliance with both State and local law. Nonetheless, intervention in this Action to litigate this issue is unwarranted. See Fed. Hous. Fin. Agency, at *3.

To intervene permissibly, the Coalition must demonstrate that they will assert a claim or defense sharing a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(b). Courts have discretion to determine applications for permissive intervention, and must consider whether intervention would unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3); see U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978). The Coalition fails to identify any claim or defense common to this Action.

The purported defenses that the Coalition seeks to assert in this Action -- i.e., that "approval" of the condominium project will impair their property values, and Hampshire Club, Inc. is a so-called "sham" non-profit in "continued violation[] of the Zoning Code" -- share no commonality whatsoever with the questions of law or fact presented by this Action. See October 1st Letter, at 2-3. Litigating the factual or legal validity of either defense would not further the judicial inquiry required in this Action. Instead, it would permit the Coalition to continue to "inject collateral issues" in this Action. Great Atl. & Pac. Tea Co. v. Town of E. Hampton, 178 F.R.D. 39, 44-45 (E.D.N.Y. 1998). Indeed, Courts in the Second Circuit often deny intervention in such situations. See, e.g., id.; see also Omnipoint Commc'ns, Inc. v. City of White Plains, 202 F.R.D. 402, 404 (S.D.N.Y. 2001).

The Coalition's interest in thwarting the condominium project is not "fundamentally interwoven" with the disputes to be adjudicated in this Action. Nor have Petitioners asserted any false accusations in the Action requiring explanation from the Coalition. While Petitioners do believe and allege that the Village's positions have been unduly influenced by the conduct and pressures put upon them by the Coalition, this Action challenges the Village's unlawful and arbitrary actions, not those of the Coalition's. The Village does not need the assistance of the Coalition to explain why it ignored its own 2012 Comprehensive Plan, held private executive sessions, and improperly commenced multiple zoning enforcement actions seeking to enjoin "any and all recreational or commercial operations" at the Club property. Allowing the Coalition to intervene would only distract the Court from the legal issues at hand, inject irrelevant collateral issues, and foster unnecessary delay and confusion in the current Action. The "lengthy and combative" process the Coalition promised to deliver when Hampshire Recreation announced its condominium proposal should not be countenanced by this Court.

Accordingly, Petitioners respectfully request that the Court deny their request for Leave to file a Motion to Intervene.

Respectfully submitted,

ZARIN & STEINMETZ

By: _____
Michael D. Zarin (MZ6692)
David J. Cooper (DC1582)
*Attorneys for Plaintiffs/Petitioners*
81 Main Street, Suite 415
White Plains, New York 10601
(914) 682-7800

cc (via email):
Edmund C. Grainger, III, Esq., *Counsel for Village of Mamaroneck and Village Board*
Lester Steinman, Esq., *Counsel for Village of Mamaroneck Zoning Board of Appeals*
Stephen L. Kass, Esq., *Counsel for the Mamaroneck Coastal Environment Coalition*