**McCullough, Goldberger & Staudt, LLP**
Attorneys at Law
1311 Mamaroneck Avenue, Suite 340
White Plains, New York
10605

(914) 949-6400
Fax (914) 949-2510
www.mcculloughgoldberger.com

FRANK S. McCULLOUGH, JR.
CHARLES A. GOLDBERGER
JAMES STAUDT
LINDA B. WHITEHEAD
SETH M. MANDELBAUM

JOANNA C. FELDMAN
DEBORAH A. GOLDBERGER
EDMUND C. GRAINGER, III
PATRICIA W. GURAHIAN
MEREDITH A. LEFF
RUTH F-L. POST
KEVIN E. STAUDT
STEVEN M. WRABEL

KEITH R. BETENSKY
    COUNSEL

FRANK S. McCULLOUGH (1905-1998)
EVANS V. BREWSTER (1920-2005)

October 17, 2014

Hon. Cathy Seibel, U.S.D.J.
United States District Court – Southern District
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

        Re: Hampshire Recreation, LLC et al. v. Village of Mamaroneck
        Docket No. 14-CV-7228

Dear Judge Seibel:

    This firm represents the Defendants/Respondents Village of Mamaroneck ("VOM"), VOM Board of Trustees ("BOT") and VOM Zoning Board of Appeals ("ZBA"). Defendants/Respondents submit this letter in response to the Plaintiffs/Petitioners' (hereinafter collectively "Hampshire") request for leave to file a motion for remand of all state law claims as well as a stay of federal claims as set forth in the September 30, 2014 letter of Michael D. Zarin, Esq., Zarin & Steinmetz.

    It is evident that Hampshire's state law claims meet the four part test which allows federal courts to exercise supplemental jurisdiction over those claims; *Miller v. Lovett*, 879 F. 2d 1066, 1071 (2d Cir. 1989) (citing to *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)) *superseded by statute*, 28 U.S.C. §1367. Here, (1) it is undisputed that there is a claim arising under the constitution or federal laws; (2) the relationship between the federal claims and the state claims permits the conclusion that the entire action comprises but one constitutional case; (3) the federal claim has substance sufficient to confer subject matter jurisdiction on this Court; and (4) the state and federal claims derive from a common nucleus of operative facts. See 28 U.S.C §1367 (a); see also *Miller, supra*.

    Hampshire does not dispute the fact that the claims meet all requirements which would allow this Court to exercise supplemental jurisdiction. Instead, Hampshire alleges this Court

Hon. Cathy Seibel, U.S.D.J.
October 17, 2014
Page 2

should use its discretion to decline to exercise supplemental jurisdiction because the state law claims allegedly substantially predominate this matter. 28 U.S.C. §1367 (c) permits this Court to decline to exercise supplemental jurisdiction where the claim raises "novel or complex issues of state law" or "the claim substantially predominates over the claims over which the Court has original jurisdiction". Hampshire's assertion that the state law claims predominate this Action is erroneous. Courts in the Second Circuit find that state claims predominate over federal claims where the federal claims involve a technical or peripheral issue or where the factual or legal analysis of the federal and state claims are unrelated; *SST Global Technology, LLC v. Chapman*, 270 F. Supp. 2d 444, 456 (S.D.N.Y. 2003). Hampshire's federal claims seek multi-million dollar monetary damages against the Defendants/Respondents, whereas the state claims do not.

Hampshire's Notice of First Amended Verified Article 78 Petition and Complaint states on page 2, item (1), that their equal protection claim and 42 U.S.C. §1983 claim for violation of their constitutional right to petition the government is a result of the BOT's determination not to accept their two rezoning petitions. The alleged failure to accept the two rezoning petitions is the basis of Hampshire's sixth and seventh causes of action sounding in Declaratory Judgment. The first and second causes of action, federal claims, and the sixth and seventh causes of action, state law claims, are based on a common nucleus of operative facts tying the state and federal claims together. The federal claims are not separate and independent from the state law claims. Hampshire also alleges that the BOT violated Open Meetings Laws by convening multiple improper executive sessions, state law claims, and that these alleged violations resulted in Hampshire being deprived of a right to participate or discuss their rezoning petitions, which alleged deprivation is part of the 42 U.S.C. §1983 claims. Similarly, Hampshire's second cause of action for unconstitutional taking of real property is based on the ZBA's determination prohibiting Hampshire from conducting non-member events on their property and/or allowing Hampshire to move forward with a re-zoning petition. Again, the federal claim is dependent upon and intertwined with the state law claims making it one constitutional case. The claims arise from an alleged single wrong making the state law claims supplemental.

In light of federal courts' strong view of their obligation to exercise federal jurisdiction over federal claims properly before them, a case that includes substantial federal constitutional claims cannot be a matter in which state law predominates; *see Hickerson v. City of New York*, 932 F. Supp. 550, 558, (S.D.N.Y. 1996). It is noted that Hampshire appended the federal claims and thus introduced federal question jurisdiction into the case.

Hampshire is also incorrect when they argue this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (c) based on precedent in the Second Circuit. The two cases Hampshire relies on are factually distinguishable and have no precedential value in this context. In *City of New Rochelle v. Town of Mamaroneck*, 111 F. Supp. 2d 353 (S.D.N.Y. 2000), the District Court declined to hear the state claims because the case raised

"unprecedented issues that go to the heart of local government autonomy, land use and environmental law and policy. . ." The within action is distinguishable from *City of New Rochelle v. Town of Mamaroneck, supra*, as Hampshire has raised run-of-the-mill state law claims.

Here, there are no unique or critical questions of New York law. There are no novel or complex state law issues nor does Hampshire refer this Court to any novel or complex issues. All Hampshire indicates is that their land use applications have been opposed by a small but vocal group of neighbors. This is hardly unique in the land use context. Neighbors are put on notice regarding development and often oppose it. The law requiring a Village to adhere to its Comprehensive Plan when enacting new laws was established by the Court of Appeals in 1968[1]; hardly new law; *see Udell v. Haas,* 21 N.Y.2d 463, 288 N.Y.S. 2d 888 (1968). Further, there is well settled case law concerning New York State's Open Meetings Law as well as the requirements for amendments to local zoning laws so there are no issues of first impression for this Court to decide.

Similarly, in the other case Hampshire relies on for its precedential value, *Riano v. Town of Schroeppel*, 2013 WL 5702263 (N.D.N.Y. 2013), the District Court found that the state law claims were novel and complex and constituted a matter of first impression allowing it to decline exercise of supplemental jurisdiction. Thus, *Riano, supra* is also distinguishable. Again, Hampshire does not set forth a single novel or complex state law issue which would justify a remand and stay and thus Hampshire cannot rely on the reasoning or precedent set forth in either *City of New Rochelle, supra,* or *Riano, supra.*

Further, the State Court has not commenced hearing any of the issues raised by Hampshire in the removed proceeding. In fact, pursuant to consent by all parties, issue has not been joined. Prior to the removal to this Court, answers and/or motions were due on October 27, 2014. The hearing Hampshire refers to, which was never even completed, was a hearing in the Injunctive Action; and the conferences were held in an attempt to resolve this same action commenced by VOM against Hampshire for its continuing violation of the local zoning code. The State Court does not possess any intimate or special knowledge of the facts which would make it a preferable forum over this Court.

Finally, the Article 78 claims against the ZBA should not be remanded because this court will likely dismiss on mootness grounds. On June 4, 2014, Daniel Pfeffer, a principal of Hampshire, affirmed that the Article 78 proceeding was a placeholder to preserve the statute of limitations and would be withdrawn once the BOT adopted a zoning amendment. This position

---

[1] The Action Plan contained in the VOM Comprehensive Plan states only: "Consider rezoning the Hampshire Country Club property from R-20 to a recreation/open space designation to be consistent with the existing use." Hampshire is incorrect when it claims the VOM Comprehensive Plan mandates the BOT to explore development consistent with condominium development.

was confirmed by Hampshire's attorney in a letter to the State court. The BOT adopted legislation on September 22, 2014, which legislation extends the special permit to the entirety of Hampshire's property including the golf course. Accordingly, the eighth, ninth and tenth causes of action are moot.

Respectfully submitted,

*Edmund C. Grainger III* (signature)

Edmund C. Grainger, III

cc (via e-mail)

Lester Steinman, Esq.
David J. Cooper, Esq.
Michael D. Zarin,, Esq.