Stephen L. Kass
Christopher Rizzo
Karen Meara
Noah Hertz-Bunzl
CARTER LEDYARD & MILBURN LLP
Two Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232
Email: kass@clm.com

*Attorneys for Proposed Intervenors*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of

HAMPSHIRE RECREATION, LLC and
HAMPSHIRE CLUB, INC.,

            Plaintiffs/Petitioners,

for Order and Judgment Pursuant to 42 U.S.C.
Section 1983, the Fifth Amendment of the U.S.
Constitution, Article I, Section 7 of the New York
Constitution, Section 107 of the Public Officers
Law, Article 78 of the CPLR, and Declaratory
Judgment,

            -against-

THE VILLAGE OF MAMARONECK, THE
VILLAGE OF MAMARONECK BOARD OF
TRUSTEES, and THE VILLAGE OF
MAMARONECK ZONING BOARD OF
APPEALS,

            Defendants/Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 14-cv-7228 (CS)

**ORAL ARGUMENT
REQUESTED**

**REPLY MEMORANDUM OF LAW OF PROPOSED INTERVENORS
IN SUPPORT OF THEIR MOTION TO INTERVENE**

7541046.1

# TABLE OF CONTENTS

Page No.

PRELIMINARY STATEMENT ...................................................................................1

POINT I      The Proposed Intervenors are Entitled to Intervene
             as a Matter of Right........................................................................2

             (i)    The Proposed Intervenors Have Interests that
                    May be Impaired by the Disposition of this Action....................................3

             (ii)   The Village Cannot Adequately Protect the
                    Interests of the Proposed Intervenors...........................................4

POINT II     The Court Should Allow Permissive Intervention By
             The Proposed Intervenors ...........................................................8

CONCLUSION....................................................................................10

Proposed Intervenors Mamaroneck Coastal Environment Coalition, Inc. (the "Coalition"), and Kelly Wenstrup, David Wenstrup, Jane Herzog, Jack Lusk, Jennifer Kronick, Jason Shapiro, Celia Felsher, and John Cecil (the "Neighbors," and together, with the Coalition, the "Proposed Intervenors") submit this Reply Memorandum of Law in support of their Motion to intervene as parties in this action between Hampshire Recreation, LLC and Hampshire Club, Inc. (collectively, "Hampshire") and the Village of Mamaroneck, the Village of Mamaroneck Board of Trustees ("Trustees"), and the Village of Mamaroneck Zoning Board of Appeals ("ZBA") (collectively, the "Village").  This motion should be granted pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, Federal Rule of Civil Procedure 24(b).

## PRELIMINARY STATEMENT

Hampshire contends that the Proposed Intervenors cannot show an interest in the proceedings under Rule 24(a)(2) because their concerns are "remote" and can be adequately represented by the Village. Mem. in Opp., at 8–15.  With respect to Rule 24(b), Hampshire claims that the Proposed Intervenors' claims do not share common questions of law and fact with the underlying action. *Id.* at 18–19.  As explained below, both of these objections are baseless. The Proposed Intervenors' interests are rooted, in the case of the Neighbors, in their adjacent homes and, in the case of the Coalition, in community-wide environmental concerns.  There is nothing "remote" about either of these interests.

Hampshire's $55,000,000 equal protection and taking claims against the Village and its request for a declaratory judgment ordering a full Village review of Hampshire's rezoning petition would severely impact the Proposed Intervenors.  The statutory review process for zoning amendments, including an extensive environmental review, would require significant expenditures of time and money by the Proposed Intervenors, especially since the "Damoclean sword" of financial ruin for the Village could (as Hampshire surely intends) induce the Village to

1

settle this action by approving some version of Hampshire's project notwithstanding its adverse impacts on the community's coastal environment or the Neighbors' homes. Similarly, Hampshire's request for a declaration that it is exempt from the Village's special permit requirements by virtue of its "grandfathered" status would, if successful, have a *res judicata* effect with respect to nonmember events directly affecting the Neighbors. Nor are the interests of the Proposed Intervenors and the Village so aligned that the Village can be counted on to assert the Proposed Intervenors' claims as vigorously or as consistently as the Proposed Intervenors, who are currently litigating against the ZBA in state court.

Moreover, there are overlapping questions of law and fact that the Proposed Intervenors seek to litigate that fall well within the scope of the issues to be litigated by Hampshire and the Village (for example, the role of the Proposed Intervenors in persuading the Trustees to reject Hampshire's rezoning application, Hampshire's sham non-profit status and its lack of the necessary special permit for nonmember events). It is also evident that intervention will not prejudice any party or cause any delay whatsoever in this litigation. Indeed, the Village has indicated that it does not oppose intervention.

## POINT I

### The Proposed Intervenors are Entitled to Intervene as a Matter of Right

A party seeking to intervene pursuant to Rule 24(a) must (1) file a timely application; (2) show an interest in the action; (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not adequately protected by the parties to the action. *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992). Hampshire does not contend that the Proposed Intervenors' motion was not timely filed. Accordingly, this Memorandum will address the remaining grounds on which Hampshire bases its opposition to intervention.

2

(i)     The Proposed Intervenors Have Interests that May be Impaired by the Disposition of this Action

The Neighbors have a substantial interest in this matter as proximate neighbors to Hampshire.  The Coalition has a substantial interest in protecting the Village's environmental and waterfront policies.  Both of these interests are sufficient to warrant intervention under Rule 24(a). *See Herdman v. Town of Angelica*, 163 F.R.D. 180, 187 (W.D.N.Y. 1995); *U.S. v. 27.09 Acres of Land, More of Less Situated in the Town of Harrison*, 737 F. Supp. 277, 289 (S.D.N.Y. 1990).  In *Herdman* the Concerned Citizens of Allegany County were permitted to intervene in opposition to a proposed waste disposal facility due to "the personal interests of its individual members in the integrity of local air and water resources, in the continued rural and residential character of the Town, and in the maintenance of their property values . . ." and due to the interests of the organization itself, which differed fundamentally from those of the town. *Herdman*, 163 F.R.D. at 181, 187.  In *27.09 Acres of Land* the court permitted a local environmental association to intervene in opposition to a land condemnation "to address the very specific environmental concerns of its members[.]" *27.09 Acres of Land*, 737 F. Supp. at 289.[1]

Hampshire contends that the Proposed Intervenors' interests are "remote" because the action only seeks to "initiate" the review process for construction, as opposed to "authorize" construction as a final matter. Mem. in Opp., at 8–10.  However, courts permit the intervention

---

[1] The Proposed Intervenors have pointed out that Hampshire's pleading contains numerous allegations concerning the Proposed Intervenors. *See* Mem. in Support, at 11.  In this regard, Hampshire alleges that this is not a "reputational interest" permitting intervention. Mem. in Opp., at 15–16.  The Proposed Intervenors do not allege that this interest, in and of itself, permits intervention.  Rather, this issue goes to a number of key elements of this dispute.  First, Hampshire's pleading demonstrates that the Proposed Intervenors' interests share common questions of fact and law with the underlying case.  Second, Hampshire's acknowledgement of the Proposed Intervenors' long-standing interests in this matter makes clear that the Proposed Intervenors are not "new" parties to this action and therefore that their intervention cannot prejudice any party.  Finally, the long-standing involvement of the Proposed Intervenors goes to the seriousness and consistency of the Proposed Intervenors' interests in this dispute, a factor which courts have considered in permitting intervention. *See Herdman*, 163 F.R.D. at 187.

3

of neighbors at all stages of development, not just immediately prior to construction. *See U.S. v. 27.09 Acres*, 737 F. Supp. at 280 (permitting intervention where underlying issues concerned "whether the Postal Service must complete and fully comply with the NEPA environmental review process before condemnation . . .").

Here, the potential for a $55,000,000 judgment against the Village and a declaratory judgment ordering formal review of Hampshire's rezoning petition could have serious impacts on the Proposed Intervenors. A declaratory judgment ordering a full zoning review (including an environmental impact statement) would require the Proposed Intervenors to devote hundreds, perhaps thousands, of hours to that process and to spend significant sums in order to participate fully in a zoning review that the Village has twice declined to entertain. Nor is there anything "remote" about the continuing threat of crippling money damages against the Village, which (as Hampshire surely intends) would make it far more likely that the Trustees would seek to avoid such liability by approving some version of Hampshire's project. Moreover, there is nothing "remote" about Hampshire's claim that it is entitled, through "grandfathering," to conduct nonmember events without a special permit, which would subject the Neighbors to substantial traffic, safety, and noise impacts without any restrictions required by such a permit.

(ii)    The Village Cannot Adequately Protect the Interests of the Proposed Intervenors

An applicant for intervention has the "minimal" burden of showing that the existing representation may be inadequate. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972). Ample precedent supports the proposition that local legislative bodies, whose priorities are diffused across the entire municipality, cannot adequately represent the interests of proximate neighbors to proposed development. *Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action*, 558 F.2d 861, 870 (8th Cir. 1977); *Wedgewood Ltd. Partnership*

4

*v. Township of Liberty, Ohio*, Case No. Civ.A.2:04-CV-1069, 2005 WL 1211305, at *1–2 (S.D. Ohio May 20, 2005). In addition, the Coalition, like other environmental public interest groups, has different interests from those of the Trustees, a legislative body that may well be more concerned with property value maximization than environmental priorities. *See U.S. v. 27.09 Acres*, 737 F. Supp. at 289; *County of St. Louis v. Thomas*, 162 F.R.D. 583, 585–88 (D. Minn. 1995).

Hampshire argues that the Village can represent the interests of the Proposed Intervenors because the interests of both parties are "identical" and the Proposed Intervenors have "copy and past[ed]" the Village's defenses. Mem. in Opp., at 2, 13. This is a curious allegation because the Village has yet to file an answer to the Amended Complaint. To the extent that the Village has filed anything, it was a three page letter expressing an intent to file a Motion to Dismiss, which is hardly analogous to the Proposed Intervenors' 47-page proposed pleading in this matter, which is required by Rule 24(a). *Compare* Letter from Edmund C. Grainger, III, Sept. 26, 2014 *and* Proposed Intervenors' Answer, Affirmative Defenses and Counterclaims. More significantly, there is no indication that the two parties' interests will be aligned throughout the pendency of this action. During the litigation of this case, the Proposed Intervenors will have the opportunity to raise claims and issues—including claims based in nuisance and trespass law—that the Village would neither have standing nor an interest to raise. In addition, the proposed declaratory judgments sought by Hampshire would have vastly different impacts on the Village, the Neighbors and the Coalition.

Beyond this, the Village cannot adequately represent the Proposed Intervenors because the parties have an adverse litigation history. *See Schwartz v. Town of Huntington Zoning Bd. of*

5

*Appeals*, 191 F.R.D. 357, 360 (E.D.N.Y. 2000).[2]   Hampshire offhandedly dismisses this issue because the Proposed Intervenors and the Village "sit literally and figuratively aligned." Mem. in Opp., at 14.   However, Hampshire ignores the current litigation between the Proposed Intervenors, as petitioners, and the ZBA and Hampshire, as respondents, in state court regarding the ZBA's issuance of the May 2014 special permit.  (Indeed, because of Hampshire's refusal to consent to an adjournment of that litigation, the state case is ongoing at this very moment.) Accordingly, the Village cannot be expected to adequately represent the Proposed Intervenors simply because they have, for the moment, similar positions on Hampshire's federal claims. *See Schwartz*, 191 F.R.D. at 360.

Moreover, the Village cannot represent the interests of the Proposed Intervenors because the Village has limited financial resources and may come under pressure to settle this action prematurely. *Herdman v. Town of Angelica*, 163 F.R.D. 180, 189–91 (W.D.N.Y. 1995).  This is, of course, the reason for Hampshire's threat of a $55,000,000 judgment against the Village. Hampshire contends that this concern "is insufficient to warrant intervention." Mem. in Opp., at 12.  That, however, is an incorrect statement of the law. *Herdman*, 163 F.R.D. at 183 (inadequate representation where town "is a rural, residential community with a very limited tax base, and it may come under increasing pressure to settle the action and permit [the developer] to proceed with its project solely because of continuing litigation costs").

Hampshire incorrectly relies on *Great Atlantic*, where the proposed intervenors contended that the town "might settle the action on terms that [the proposed intervenors] would

---

[2] Hampshire contends that the Proposed Intervenors state "incorrectly that *Schwartz* addressed the interest of "'proximate neighbors.'" Mem. in Opp., at 13 n.3.  While the proposed intervenor in *Schwartz* was a developer, the underlying action was between the ZBA and "residents of the neighborhood where [the developer] seeks to construct the facility[.]" *Schwartz*, 191 F.R.D. at 359.

6

not approve . . ." which constituted a "'mere possibility that a party may at some future time enter into a settlement[.]'" *Great Atlantic & Pacific Tea Co., Inc. v. Town of East Hampton*, 178 F.R.D. 39, 44 (E.D.N.Y. 1998) (citations omitted); Mem. in Opp., at 12.  Here there is more than a "mere possibility" that the Village might capitulate in the face of political and financial pressure.  In 2010, the Village settled a similar matter involving the Mamaroneck Beach & Yacht Club on less than advantageous terms due to the threat of a large money judgment by that plaintiff, a precedent of which Hampshire is well aware. *See* Stipulated Consent Judgment, *Mamaroneck Beach and Yacht Club, Inc. v. Board of Trustees of the Village of Mamaroneck*, attached to the Declaration of Karen E. Meara as Exhibit A.  Indeed, the fact that the Proposed Intervenors bring added financial resources to the table — resources which the Village may lack or not wish to risk — has itself been found to be a reason to permit intervention. *See Hardman*, 163 F.R.D. at 190–91, 191 n.8 (neighborhood coalition has "raised a significant question as to the Town's capacity to defend its own interests . . ." and those of the coalition due to town's limited financial resources); *see also County of St. Louis v. Thomas*, 162 F.R.D. 583, 588–89 (D. Minn. 1995).

To bolster its case, Hampshire cites inapposite case law that involves proposed intervenors seeking to intervene on the side of a government entity acting as *parens patriae* in an enforcement action. *See* Mem. in Opp., at 7; *Herdman*, 163 F.R.D. at 189–190; *County of St. Louis*, 162 F.R.D. at 588; *United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, (2d Cir. 1984); *Natural Resources Defense Council, Inc. v. New York State Department of Environmental Conservation*, 834 F.2d 60 (2d Cir. 1987).  Here, in contrast, the Proposed Intervenors seek to intervene as defendants on the side of a government agency attempting to defend the validity of its laws, regulations and legislative and administrative actions. *Herdman*,

7

163 F.R.D. at 190. Cases like the one at hand raise questions that do not arise in the *parens patriae* context, such as "whether the government entity has demonstrated the motivation to litigate vigorously and to present all colorable contentions, and . . . the capacity of that entity to defend its own interests and those of the proposed intervenor." *Id.* For this reason too, the Village cannot adequately represent the interests of the Proposed Intervenors.

**POINT II**

**THE COURT SHOULD ALLOW
PERMISSIVE INTERVENTION BY THE PROPOSED INTERVENORS**

Should the Court decline to recognize the right of the Proposed Intervenors to intervene under Rule 24(a), the Court should nonetheless allow permissive intervention under Rule 24(b). Permissive intervention may be granted to anyone who "has a claim or defense that shares with the main action a common question of law or fact . . ." if such intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." *New York News, Inc. v. Kheel*, 972 F.2d 482, 487 (2d Cir. 1992). This rule "is to be liberally construed in favor of intervention." *U.S. Polo Ass'n, Inc. v. PRL Holdings, Inc.*, Case No. 09 Civ. 9476, 2013 WL 837565, at *7 (S.D.N.Y. Mar. 6, 2013).

Hampshire contends that the Proposed Intervenors' proposed counterclaims (concerning the corporate status of Hampshire and the legality of nonmember events at the club) do not share common questions of law and fact with the existing action and are collateral in nature. Mem. in Opp., at 18–19. This is a puzzling argument because Hampshire has previously argued that the Village and the Proposed Intervenors share a complete identity of interests and have brought "identical" claims. *See id.* at 13. Hampshire is thus simultaneously arguing that the Proposed Intervenors do not contribute anything new to the litigation and that the issues raised by the Proposed Intervenors are "collateral" to that litigation.

8

The contentions of the Proposed Intervenors, which are not by any means identical to those of the Village, are not at all collateral.[3]  Whether Hampshire is a "sham" non-profit conduit and the legitimacy of restrictions on nonmember events under a special permit are *core* issues in Hampshire's own pleading.  Indeed, Hampshire seeks a declaratory judgment to permit the Club to host unlimited nonmember events despite the lack of an appropriate special permit or the fact that Hampshire violates the non-profit requirement of the zoning code. *See* Amended Verified Petition and Complaint, at 50.

It is also disingenuous for Hampshire to argue that the interests of the Proposed Intervenors are collateral when Hampshire's pleading contains numerous allegations that the Proposed Intervenors are the true party in interest orchestrating the actions of the Village. *See* Affirmation of Stephen L. Kass, at ¶ 10.  Given Hampshire's acknowledgement of the long-term participation of the Proposed Intervenors in this action, it cannot now complain that the intervention of these very parties would not contribute to the complete adjudication of this dispute or that the intervention would cause undue delay or prejudice. *See* Mem. in Opp., at 18. On the contrary, it is clear that intervention will help develop the factual issues underlying the litigation and promote the just and equitable adjudication of the legal issues presented, with all parties with relevant interests participating. *See U.S. Polo*, 2013 WL 837565, at *7.  The Proposed Intervenors seek to be heard on the very issues that are already contested in this litigation—the proposed rezoning, the special permit requirements and the limits on nonmember events.  The motion is timely, having been filed prior to any other motion in this action, and no

---

[3] Hampshire cites *Great Atlantic* on this point. Mem. in Opp., at 19.  However, in that case the proposed intervenors raised collateral arguments by seeking to turn the case "into a contest over the propriety of commercial development in East Hampton in general . . ." as opposed to focusing on the specific site. *Great Atlantic & Pacific Tea Co., Inc. v. Town of East Hampton*, 178 F.R.D. 39, 45 (E.D.N.Y. 1998).  Here, the Proposed Intervenors are solely focused on Hampshire's conduct and its proposed project.

party will be prejudiced as all sides are familiar with the Proposed Intervenors' long-standing involvement in this matter.

## CONCLUSION

For the foregoing reasons, the Proposed Intervenors respectfully request that the Court grant their motion to intervene under Rule 24(a)(2) or, in the alternative, Rule 24(b).

Dated:  November 17, 2014
      New York, New York

Of Counsel:

    Christopher Rizzo
    Karen E. Meara
    Noah Hertz-Bunzl

CARTER LEDYARD & MILBURN LLP

By _____
Stephen L. Kass
CARTER LEDYARD & MILBURN LLP
Two Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232
Email: kass@clm.com
*Attorneys for Proposed Intervenors*

To:    Edmund C. (Terry) Grainger, III, Esq.
        McCullough, Goldberger & Staudt, LLP
        1311 Mamaroneck Ave., Suite 340
        White Plains, NY 10605
        *Attorneys for Municipal Respondents*

        Lester D. Steinman, Esq.
        McCarthy Fingar LLP
        11 Martine Ave., 12th Floor
        White Plains, New York  10606
        *Attorneys for Municipal Respondents*

        Michael D. Zarin, Esq.
        Zarin & Steinmetz
        81 Main Street, Suite 415
        White Plains, New York  10601
        *Attorneys for Respondents Hampshire Club, Inc. and Hampshire Recreation LLC*

7541048.10